No. 87–1757.  REED v. COLLYER, GENERAL COUNSEL, NATIONAL LABOR RELATIONS BOARD.  C. A. 6th Cir.  Certiorari denied.

JUSTICE SCALIA, dissenting.

This is a suit against the General Counsel of the National Labor Relations Board, alleging that in dismissing unfair labor practice charges filed by petitioner she violated petitioner's due process and equal protection rights under the Fifth Amendment.  The District Court, in an unpublished opinion, dismissed the suit on the ground that the General Counsel's decision to dismiss was not subject to judicial review.  The United States Court of Appeals for the Sixth Circuit, also in an unpublished opinion, affirmed. Judgt. order reported at 837 F. 2d 1091 (1988).

While this petition for certiorari was pending, this Court decided *Webster* v. *Doe*, 486 U. S. 592 (1988), applying for the first time the principle that Congress' intent to preclude judicial review of "constitutional claims" must be expressed with greater clarity than its intent to preclude judicial review of other claims. *Id.*, at 603–604.  The statute that *Webster* found insufficiently clear for that purpose pertained to the Central Intelligence Agency, and provided that "[n]otwithstanding . . . the provisions of any other law, the Director of Central Intelligence may, in his discretion, terminate the employment of any officer or employee of the Agency whenever he shall deem such termination necessary or advisable in the interests of the United States." 50 U. S. C. § 403(c).  The statute at issue in the present case pertains to the NLRB, and provides that the General Counsel "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board . . . ."  29 U. S. C. § 153(d).  The present case, involving constitutional claims, is unquestionably a prime candidate for application of the new principle we adopted in *Webster*.  While the area of administrative activity to which the suit pertains (enforcement discretion) is one in which agencies have traditionally been accorded broad insulation from judicial review, see *Heckler* v. *Chaney*, 470 U. S. 821 (1985), so was the area of managing the Nation's intelligence services at issue in *Webster*.  And the

text of the statute in *Webster* was much more suggestive of total unreviewability.

Petitioner has filed a supplemental brief persuasively arguing that *Webster* supports his position. Our denial of his petition is a puzzling departure from our standard practice of *remanding* (without opinion) pending cases whose outcome could well be affected by a decision we have promulgated after the judgment below. See R. Stern, E. Gressman, & S. Shapiro, Supreme Court Practice § 5.12, p. 279 (6th ed. 1986). If we adhere to the rationale of *Webster*, we should certainly grant this petition for certiorari, vacate the judgment of the Sixth Circuit, and remand this case for reconsideration in light of *Webster*. It was my view that the rationale of *Webster* was wrong, because it did not square with the outcome of perfectly commonplace and perfectly correct decisions such as that of the Sixth Circuit here. See 486 U. S., p. 606 (SCALIA, J., dissenting). I would grant certiorari in this case in order to begin the necessary process of limiting *Webster* to its facts.